UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHUMENER, ODSON & OH LLP,

                                    Plaintiff,

            -v-

JOHN I. BRALOWER, IRON STONE GROUP LLC,
RYNWOOD MANAGEMENT LLC, and THOMAS
BRALOWER,

                                    Defendants.

26 Civ. 798 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 29, 2026, plaintiff filed the Complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1 ("Complaint"). On review, it appears to the Court that defendants include two limited liability companies ("LLC"). The citizenship of an LLC is the citizenship of each of its constituent members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)*; Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").

The Complaint alleges defendant Rynwood Management LLC ("Rynwood") is "of unknown origin" and headquartered in New York. Complaint ¶ 11. It further alleges that defendant Iron Stone Group ("Iron Stone") is organized under the laws of Delaware and has its headquarters in New York. *Id.* ¶ 10. The Complaint does not allege the citizenship of the LLCs' members.

1

To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint, which must allege (1) the citizenship of natural persons who are members of Rynwood and Ironstone and (2) the place of incorporation and principal place of business of any corporate entities who are members of Rynwood and Ironstone. If plaintiff is unable to amend the Complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of Rynwood and Ironstone, then the Complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint.

Accordingly, in the interests of justice, the Court grants plaintiff leave to amend the Complaint under Federal Rule of Civil Procedure 15(a)(2) to allege the citizenships of all members of the LLCs in this case by February 6, 2026.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: January 30, 2026
      New York, New York

2